W. O. BURGIN v. NORTH CAROLINA STATE BOARD OF
ELECTIONS ET AL.

(Filed 19 October, 1938.)

1. **Elections § 17: Mandamus § 2d—Court should determine from facts found when State Board has received final returns from counties.**

    A candidate is entitled to restrain the State Board of Elections from declaring his opponent the nominee in a primary until complete, legal and final returns from all the counties of the district have been made, filed and accepted, or as a matter of law ought to have been accepted, and the court should determine as a matter of law without the intervention of a jury whether such returns have been received, and whether upon such returns plaintiff is entitled to a writ of *mandamus* to compel the State Board to declare him the nominee, and enter judgment accordingly.

2. **Mandamus § 2d—**

    Petitions in the Supreme Court of opposing candidates, each seeking *mandamus* for the respective petitioner to compel the State Board of Elections to declare him the party nominee are dismissed, neither petitioner having shown on the uncontested facts a clear legal right to the writ.

On petition and counter petition for *mandamus* or remedial writ. It is now admitted that the several county boards of elections in all of the counties composing the Eighth Congressional District have made returns

to the defendant board which have been accepted, except the board of the county of Davidson. With this modification, the facts are fully stated in *Burgin v. Board of Elections, ante,* 140.

*W. F. Brinkley, H. R. Kyser, and J. C. B. Ehringhaus for plaintiff, appellee.*

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Wettach for defendants, appellants.*

*L. P. McLendon, amicus curiæ.*

PER CURIAM. In the opinion in this case filed 21 September, 1938, it was said: "The fact that after the returns are in the State Board of Elections is to canvass the returns and determine whom they ascertain and declare by the count (Public Laws 1933, ch. 165, sec. 9) to be nominated or elected is not to be construed as a denial or negation of its supervisory powers, which perforce are to be exercised prior to the final acceptance of the several returns." It was further stated in the opinion: "Plaintiff is entitled to a stay until final returns have been received by the State Board of Elections from the county boards of Richmond and Davidson counties and to await the result of these returns."

In accordance with this opinion, which embodies the law of the case, the judge of the Superior Court will proceed to determine as a matter of law on the facts found, without the intervention of a jury, whether complete, legal and final returns from all the counties in the Eighth Congressional District have been made, filed and accepted, or as a matter of law ought to have been accepted, by the State Board of Elections. If it be made to appear that such returns have been so made, the court shall thereupon dissolve the restraining order herein, and determine whether upon such returns the plaintiff has shown a clear legal right to the writ of *mandamus,* and enter judgment accordingly. Unless so shown, plaintiff's application therefor should be dismissed.

In determining what is a valid return, the court below will follow the former opinion of this Court as the law of the case.

On consideration of the petitions herein, it appears that neither party has shown on the uncontested facts presented a clear legal right to a peremptory writ of *mandamus* from this Court, and the petitions are dismissed.

Dismissed.